UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. 1:12-cr-00061-jgm-1 |
| | : | |
| JASON JOHNSON | : | |
| | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM AND ORDER
(Doc. 63)

The Defendant, Jason Johnson, has moved to unseal the sentencing memoranda,

presentence report, and statement of reasons for sentence in United States v. Mark Barter, 1:12-cr-

29 (D. Vt. 2012) (Murtha, J.). (Doc. 63.)[1] The Government and the defendant in that prosecution,

Mark Barter, have both opposed the disclosure of these sentencing documents. (Docs. 64, 65.) Mr.

Johnson has appealed his sentence, contending the Court erred in imposing "identical" sentences on

him and Mr. Barter. (Doc. 63 at 2-3.) Mr. Johnson contends he cannot adequately do so without

access to the sentencing documents. Id. His counsel is willing to abide by a protective order barring

the disclosure of any information not relevant to the appeal. Id. at 3.

The prosecutions of Mr. Johnson and Mr. Barter arise from the same cocaine distribution

operation in Vermont. (Doc. 60 at 3.) Mr. Barter ultimately pled guilty to conspiracy to distribute

cocaine and felon in possession counts, while Mr. Johnson pled guilty to a felon in possession count.

(Doc. 62 at 16-17; Barter, Doc. 67 at 18-19.) This Court sentenced both defendants to thirty-six

month prison terms. In sentencing Mr. Johnson, the Court stated:

---

[1] All citations to the record refer to the record in this case, United States v. Johnson, unless
otherwise indicated.

> [Y]ou're going to serve essentially the same time as Mr. Barter and
> that's 36 months. I think that both of you are about as involved
> except for the fact that you have a more serious record. Mr. Barter
> didn't have as much of a record as you did.

(Doc. 60 at 22.) Mr. Johnson relies on this passage to contend his sentence violates 18 U.S.C. §

3553(a)(6), which requires a sentencing court to consider "the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct."

Section 3553(a)(6) identifies just one of several factors a court must consider under 18 U.S.C. §

3553(a).[2]

Federal Rule of Criminal Procedure 32(e) sets forth a procedure for disclosing presentence

reports to defendants, defense counsel, and the Government. The rule does not address whether a

court may disclose presentence reports to third parties, such as Mr. Johnson's counsel. United

States v. Charmer Indus., Inc., 711 F.2d 1164, 1172 (2d Cir. 1983). "[T]he courts have been very

reluctant to give third parties access to the presentence investigation report prepared for some other

individual or individuals." United States Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988). In addition

to "protect[ing] the confidentiality of information contained in the report," these courts worry

disclosure might "have a chilling effect on the willingness of various individuals to contribute

information that will be incorporated into the report." Id. It is clear significant confidentiality

concerns weigh against disclosure.

> Presentence reports are not public records but rather confidential
> reports to the trial judge for use in his effort to arrive at a fair
> sentence. As other courts have held, requiring disclosure of a
> presentence report is contrary to the public interest as it may
> adversely affect the sentencing court's ability to obtain data on a

---

[2] As Mr. Barter points out (Doc. 65 at 1-2), the Court considered both the section 3553(a)
factors and the factors for a downward departure under section 5K1.1 of the United States
Sentencing Guidelines in imposing his sentence. (Barter, Doc. 68 at 30-31.)

> confidential basis from the accused, and from sources independent of
> the accused, for use in the sentencing process.

Charmer Indus., Inc., 711 F.2d at 1171 (quoting United States v. Martinello, 556 F.2d 1215, 1216

(5th Cir. 1977) (per curiam)).

In recognition of these concerns, the Second Circuit prohibits disclosure of presentence

reports to a third party "unless that person has shown a compelling need for disclosure to meet the

ends of justice." Id. at 1176. The Court will also apply this standard to Mr. Johnson's requests for

the sentencing memorandum and the statement of reasons for sentencing, which contain

information gleaned from the presentence report. See United States v. Smith, 992 F. Supp. 743,

750-51 (D.N.J. 1998).

Mr. Johnson has not demonstrated a compelling need for the disclosure of Mr. Barter's

sentencing documents to meet the ends of justice. Mr. Johnson intends to challenge this Court's

application of section 3553(a)(6) by comparing his criminal history and offense conduct with Mr.

Barter's criminal history and offense conduct. (Doc. 63 at 3.) To make this comparison adequately,

Mr. Johnson contends he must access Mr. Barter's sentencing documents. Id. Yet much of the

information he seeks is available publically. The Court addressed Mr. Barter's criminal history, as

classified by the sentencing guidelines, at the sentencing hearing. (Barter, Doc. 68 at 29.) The

Government's factual proffer at the plea hearing outlines his offense conduct. (Barter, Doc. 67 at 6-

8.) The court reporter has produced transcripts of both hearings, neither of which was sealed. "A

central element in the showing required of a third person seeking disclosure is the degree to which

the information in the presentence report cannot be obtained from other sources." Charmer Indus.,

Inc., 711 F.2d at 1177. While the sentencing documents describe Mr. Barter's criminal history and

offense conduct in more detail, the availability of much of this information publically significantly

diminishes Mr. Johnson's need for the documents.

The confidential information contained in the sentencing documents also weighs against disclosure. These documents describe, inter alia, Mr. Barter's education, health, finances, substance abuse history, and family ties, as well as his level of cooperation in the underlying investigation and his criminal past. The information in the sentencing documents is both personal and detailed. As the Fifth Circuit has explained, "[t]hat [a] defendant has pled guilty or been convicted of a crime does not require the dissemination of his entire personal background in the public domain." United States v. Huckaby, 43 F.3d 135, 138 (5th Cir. 1995). Furthermore, as with most presentence reports, the information is from multiple sources, including Mr. Barter. There is a risk disclosure might deter criminal defendants and other sources from assisting the United States Probation Office in its preparation of future reports. See Julian, 486 U.S. at 12. See also United States v. Pena, 227 F.3d 23, 26 (2d Cir. 2000) (recognizing "a longstanding judicial view that confidentiality should be maintained, because the public availability of presentence reports would likely inhibit the flow of information to the sentencing judge") (internal quotations omitted).

Nor would a protective order sufficiently mitigate these concerns to justify disclosure. Mr. Johnson's counsel has proposed the Court enter an order prohibiting him from disclosing "any information the court unseals which is not relevant to the issues arising under 18 U.S.C. § 3553(a), that is, whether Mr. Johnson and Mr. Barter have similar records and have been found guilty of similar conduct." (Doc. 63 at 3.) Such an order is insufficient. Mr. Johnson's counsel would review all of the information contained in the sentencing documents under it. Provided he deems personal and investigatory information relevant, he would disclose this information to Mr. Johnson and in the appellate filings. While more limited, a disclosure of confidential information would occur under the protective order, and the confidential concerns nevertheless apply. Balancing these concerns

against Mr. Johnson's limited need for the information, the Court is unwilling to enter a protective order.

Mr. Johnson's motion to unseal Mr. Barter's sentencing memoranda, presentence report, and statement of reasons for sentence is DENIED. Mr. Johnson has not shown a compelling need for disclosure to meet the ends of justice. All of the sentencing documents shall remain sealed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of April, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge